UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 4:16CR00440-3 RLW |
| | ) | |
| KEHINDA MITCHELL, | ) | |
|     Defendant. | ) | |

## DEFENDANT'S OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT

COMES NOW Defendant, Kehinda Mitchell, by and through his attorney, and files Objections to the Presentence Investigation Report ("PSR") stating the following:

**Procedural History and Relevant Facts**

1. Mr. Mitchell pleaded guilty in Count I to conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371, in Count II to Interstate Transportation of Stolen Vehicle in violation of 18 U.S.C. § 2312 and U.S.C § 2 and Fraudulent Use of Access Devices in violation of18 U.S.C. § 1029(a)(2), 18 U.S.C. § 1029(c)(1)(A)(i) and U.S.C. § 2.

2. Defendant entered pleas of guilty without a plea agreement.

3. The PSR calculated a base offense level of 6.

4. The PSR assesses a total of 14 enhancement points under United States Sentencing Guideline ("USSG") (PSR ¶ 10).

5. The PSR gave Mr. Mitchell a two-level reduction for acceptances of responsibility under §3E1.1.

1

**Defendant's Objections to the PSR**

6. Defendant objects to the PSR ¶10 in that it improperly assesses an 8-level increase for "defendant creating an intended loss of $98,138.80" pursuant to USSG §2B1.1(b)(1)(E).

7. According to USSG §2B1.1, Application Note 3(D)(i), loss shall not include the following: interest of any kind, finance charges, late fees, penalties, amounts based on an agreed-upon return or rate of return, or similar costs. The initial loan amount for the vehicle in Count II was $38,000.00. The $52,416.00 amount is after FINANCE INTEREST. After an extended warranty and "other fees" were added the loan totaled $56,234.58. The PSR ¶8 seeks to calculate a sustained loss for the vehicle in an amount, above the initial loan amount, which includes finance interest, an extended warranty fee and "other fees" not specified.

8. Defendant further objects to the loss associated with the vehicle in question being used in the loss amount for sentencing purposes because the fraud associated with the purchase of the vehicle occurred in the State of Wisconsin, outside the jurisdiction of this court. Mr. Mitchell concedes that the vehicle was transported across state lines and was driven to the Eastern District of Missouri while the occupants were in possession of personal identifications of others. However, the vehicle was not purchased for purposes of committing any crimes, in fact, the vehicle was purchased before Mr. Mitchell knew either of his codefendants.

9. Defendant objects to other losses associated with activities that occurred outside of the Eastern District of Missouri being used to calculate his intended loss.

10. The PSR ¶7 indicates that some of the Target gift cards recovered in the defendant's hotel room had been purchased between February 21, 2016 and March 2, 2016, in Columbus, Ohio, Charlotte, North Carolina and Southfield, Michigan all using fraudulent gift cards of R.G., G.H.B., and M.J.G. There is no evidence to suggest that Mr. Mitchell has been in any of these states

11. The table, PSR ¶7, showing the loss, attempted loss or Minimum $500 includes losses associated with activities outside of the Eastern District of Missouri for card holders R.G., G.H.B and M.J.G. The losses associated with R.G., G.H.B. and M.J.G total $4,381.66.

12. Defendant objects to the PSR ¶2 in that it improperly assesses a 2-level increase for the "offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means pursuant to USSG §2B1.1(b)(10)(C).

13. The application notes for §2B1.1(b)(10)(C) defines "sophisticated means" as especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. It further gives examples of conduct, such as, hiding assets or transactions or both, through the use of fictitious entities, corporate shells, or offshore financial accounts as indications of sophisticated means.

14. The offenses involved in this case was anything but sophisticated. In fact they were of a "garden variety." The execution or concealment was not complex in that

3

the loss prevention in Target immediately recognized that the purchases made by co-defendant was fraudulent.

15. Defendant objects to the PSR ¶10 in that it improperly assesses a 2-level increase for the "offense involved the possession or use of any authentication feature" pursuant to USSG §2B1.1(b)(11)(A)(ii) because it is not supported by the facts of this case.

16. Authentication feature is defined in 18 U.S.C. § 1028(d)(1) as any hologram, watermark, certification, symbol, code, image, sequence of numbers or letters, or other feature that either individually or in combination with another feature is used by the issuing authority on an identification document, document-making implement, or means of identification to determine if the document is counterfeit, altered, or otherwise falsified.

17. Defendant argues that the offense in this case did not involve him possessing or using of any authentication feature. Because there is no relevant conduct on his part in regards to any authentication feature, the 2-point enhancement should not apply to him.

18. Defendant objects to the assertions in paragraph 23 PSR ¶9 that he is the most culpable in this case based upon the fraudulent purchase of the vehicle when any conduct on his part was confined to the State of Wisconsin in the purchase of said vehicle.

19. The purchase of the vehicle, in which Mr. Mitchell signed as a cosigner, was months before any of the activities in the Eastern District of Missouri that gave rise

to the charges in this case. Although the vehicle ultimately was used to transport his codefendants to the Eastern District of Missouri, the said purchase was independent of any of the eventual criminal activities in this District.

20. Unlike his codefendants, Mr. Mitchell made no fraudulent purchases in the Eastern District of Missouri. On March 8, 2016, codefendants Chapman and Livingston made multiple purchases in Target stores in the St. Louis, Missouri area using fraudulent credit cards. On March 8, 2016 codefendant Chapman, using a fraudulent driver's license applied for a line of credit in Frontenac, Missouri and subsequently made fraudulent purchases. On March 9, 2016, Chapman applied for another line of credit using a fraudulent driver's license and made subsequent purchases. Mr. Mitchell made no fraudulent purchases or credit applications. Mr. Mitchell never approached a cash register during the course of these crimes. In fact, during some of these activities by Livingston and Chapman, Mr. Mitchell sat inside his vehicle.

21. Mr. Mitchell objects to paragraph 18 PSR ¶6 to the allegation that he drove the Dodge Durango on the evening of March 9, 2016. The surveillance video provided defendant in discovery clearly shows Defendant Livingston was the driver of said vehicle on said date. Livingston further signed an Affidavit admitting that he drove the Dodge Durango in the State of Missouri.

22. The PSR highlights the Mr. Mitchell's actual relevant conduct is solely confined and exclusive to his co-signature of the vehicle purchase in the State of Wisconsin. However, the Government contents that Mr. Mitchell is the most culpable due to his intended loss amount. Mr. Mitchell was not the owner of the vehicle but a

cosigner. Therefore, as it applies to a potential "Gain Amount," Mr. Mitchell did not monetarily stand to gain much from this purchase.

23. Based on Mr. Mitchell being a minimal participant in any of the criminal activities in this case, pursuant to §3B1.2 his level should be deceased by 4.

WHEREFORE Kehinda Mitchell respectfully objects to ¶ 10 of the PSR and requests that this Court find a Total Offense Level of 8, rather than 18, due to the loss being less than $40,000 and this case not involving sophisticated means and there being no relevant conduct to support the use or possession of any authentication feature and for any additional remedy that this Court deems just and proper.

Respectfully Submitted,

/s/ *Raphael O. Morris II*
Raphael O. Morris II # 55245MO
Attorney for Defendant
6101 Delmar Blvd., Suite A
St. Louis, MO 63112
Phone: 314-241-5900
rm@themorrisfirmSTL.com

I certify that on January 31, 2018 a true copy of the above was served on the U.S. Attorney's Office and Assistant United States Attorney Tracy Berry via Court electronic filing system.

/s/ *Raphael O. Morris II*