UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:16CR00440 RLW |
| KEHINDA MITCHELL, | ) | |
| Defendant. | ) | |

## **OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT**

Comes now the United States of America, by and through its attorneys, Richard Callahan, United States Attorney for the Eastern District of Missouri, and Tracy L. Berry, Assistant United States Attorney for said District, and objects to paragraphs 26, 27, 34, 37, 38, 40, 41, and 77.

The government submits that the presentence investigation report is in error in granting defendant a two-level reduction for acceptance of responsibility, and failing to impose a two-level enhancement for obstruction of justice.

With regard to the reduction for acceptance of responsibility, defendant's denial of relevant conduct in his objections to the presentence investigation report suffices to support the government's request. United States v. Davis, 875 F.3d 869, 875 (8th Cir. 2017).

The government also maintains that defendant's filing of docket entry 215, as well as other pro se filings, warrant imposition of the two-level enhancement for obstruction of justice. With regard to docket entry 215, the sole purpose of the pleading was to attempt to obstruct or impede the administration of justice with respect to the prosecution of the above-styled case. In similar circumstances, the Court of Appeals for the Eighth Circuit affirmed the imposition of the

two-level enhancement for obstruction of justice when a pro se litigant sends documents to officials to intimidate or retaliate against officials participating in his prosecution. United States v. Goodyke, 639 F.3d 869, 874-875 (8th Cir. 2011)(the documents were to put prosecutors and U.S. Marshals on notice that their actions could not be put into legal effect, and the consequences of their conduct). The Court of Appeals for the Seventh Circuit also affirmed the imposition of the enhancement when the defendant mailed copies of contracts to court personnel, the judge, and prosecutor requiring them to pay for the use of his name. United States v. James, 328 F.3d 953, 956-957 (7th Cir. 2003).

The government is also prepared to present evidence at the sentencing hearing that the affidavit signed by co-defendant Julius Livingston is false. Consequently, the government submits that this Honorable Court will be able to impose the two-level enhancement for obstruction of justice under either theory.

Finally, the government requests that the presentence investigation report be amended to reflect the applicability of additional subsections of § 2B1.1(b)(11). In addition to §§ A(ii) as noted in the report, the offense also involved the production or trafficking of unauthorized and counterfeit access devices and authentication features. The government, therefore, submits that the facts of the case support the imposition of the two-level enhancement pursuant to §2B1.1(b)(11)(A)(ii), §2B1.1(b)(11)(B)(i), or §2B1.1(b)(11)(B)(ii). Multiple theories do not increase the enhancement beyond the two-levels set forth in the report.

However, if the government objections are accepted, the offense level would be 22, and the applicable guideline range would be 41-51 months.

Accordingly, the government respectfully requests that this Honorable Court affirm its objections to the presentence investigation report, and find the applicable guideline range to be 41 to 51 months.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

 s/Tracy L. Berry
TRACY L. BERRY 014753 TN
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, Missouri 63l02
(314) 539-2200

CERTIFICATE OF SERVICE

A copy of the foregoing was delivered this 31ST day of January, 2018 by the electronic case filing system to: Raphael Morris, Esq.

 s/Tracy L. Berry
ASSISTANT UNITED STATES ATTORNEY