UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CR00440 RLW |
| | ) | |
| KEHINDA MITCHELL, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Tracy Lynn Berry, Assistant United States Attorney for said District, and responds to defendant's sentencing memorandum.

Defendant filed a sentencing memorandum in which he sought a downward variance from the guideline range because he has: good character; a limited criminal history; and, an unblemished personal history. He also contends that his role in the offense was minimal and the court should take into consideration the overturning of his murder conviction in Illinois. Contrary to defendant's claims, the evidence the government intends to submit during the sentencing hearing will support an upward variance rather than a downward variance due to: the nature and circumstances of the offense; the history and characteristics of the defendant; and, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

Because defendant's involvement in criminal activities similar to the counts of conviction continued between 2013 and 2016, the conduct at issue in the case at bar cannot be considered as aberrant. While the government lacks direct evidence that defendant was a leader and organizer

in the conspiratorial conduct, his involvement in the access device fraud and interstate transportation of the stolen vehicle was more than minimal. Among the evidence the government intends to present in support of a request for an upward variance, the government intends to present the following:

1. In 2013, defendant used the identity of another individual to purchase a vehicle valued in excess of $150,000 from a dealership in Pittsburgh, Pennsylvania.

2. In 2015 through a date in 2016, defendant used the social security number of a minor child to purchase the Dodge Durango, at issue in this case, and obtain merchandise and credit from a number of retailers and financial institutions.

3. When defendant was arrested in the Eastern District of Missouri, law enforcement officers found a Kay Jewelers receipt using the account number obtained by defendant using the social security number of the minor child

4. Records from Priceline revealed that, in late February 2016, defendant rented hotel rooms in: Columbus, Ohio; Charlotte, North Carolina; and Clinton Township, Michigan. The dates of the hotel rentals coincide with the fraudulent purchases of the Target gift cards found in defendant's St. Louis hotel room.

5. While in St. Louis, defendant took pictures of himself in possession of the merchandise fraudulently acquired by Earl Chapman.

6. On March 28, 2016, after being arrested due to the fraudulent purchases of Earl Chapman and Julius Livingston in St. Louis, defendant booked travel for the three men to travel between Chicago, Illinois and Houston, Texas.

7. In April 2016, defendant financed travel and hotel stays for himself, Earl Chapman, and Julius Livingston in California. Law enforcement conducted a traffic stop of the

vehicle rented by the defendant after Chapman used a cloned credit card at a Target Store in Glendale, California. Defendant possessed two counterfeit credit cards that were embedded with his account information from cards issued by other financial institutions at that time.

8. Between May 11, 2016 and May 16, 2016, in three separate transactions, using the fraudulently obtained Dodge Durango, defendant accompanied Earl Chapman, Julius Livingston, and Z.E.C. as Chapman and Z.E.C. attempted to purchase expensive vehicles in the identities of others.

9. When interviewed in connection with the attempted purchase from a dealership in Michigan, Mitchell claimed that he never went inside the dealership intentionally so that he would not be connected with any wrongdoing.

10. When the Dodge Durango was seized by law enforcement officials in Battle Creek, Michigan, defendant asserted his ownership of the vehicle to the Michigan State Police. During an interview on May 20, 2016, defendant falsely stated that he used his own identifying information to purchase the vehicle and that his friend Darrin Riley co-signed for him.

In addition, the government submits that evidence demonstrating defendant's obstruction of justice will provide further proof that a sentence above the guidelines would be sufficient, but not greater than necessary, to comply with the sentencing objectives of Section 3553(a).

As to the defendant's claim of good character, the government has found no representation of the fact other than that made by the lieutenant from the Lincoln County Jail. At this time, the lieutenant has not returned the telephone call of the Postal Inspector who sought to determine the basis of the claim. Consequently, the government must assume that the sole basis of the claim has

been the defendant's compliance of the detention facilities rules and regulations. In light of his involvement in criminal activity between 2013 and 2016, the government submits that detention would ensure that defendant continues to demonstrate the good character witnessed by the Lincoln County Jail staff.

Accordingly, the government submits that a sentence above the guideline range in excess of 41 months is appropriate in light of the sentencing objectives of Section 3553(a).

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

s/ Tracy L. Berry_____
TRACY LYNN BERRY, #014753 TN
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri  63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I, TRACY L. BERRY, Assistant United States Attorney for the Eastern District of Missouri, hereby certify that a copy of the foregoing motion has been e-mailed to Raphael Morris, Esq.

This 2nd day of March, 2018.

s/ Tracy L. Berry_____
TRACY L. BERRY
Assistant United States Attorney