IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| United States of America,                           ) | |
|     *Plaintiff*,                           ) | Case No. 4:16-cr-440-RLW-3 |
|                                             ) | |
| *v.*                                                 ) | Judge Ronnie L. White |
|                                             ) | |
| Kehinda Mitchell,                                    ) | |
|     *Defendant.*                            ) | |

**MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

Defendant, Kehinda Mitchell, by and through his attorneys, LOEVY & LOEVY, respectfully asks this Court to terminate his term of supervised release pursuant to Rule 32.1(c) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3583(e)(1). Mr. Mitchell's three-year term of supervised release began on March 4, 2020, and Mr. Mitchell has already completed 18 months of his supervisory term. In support of this motion, Defendant states as follows:

**INTRODUCTION**

Mr. Mitchell is being supervised in the Northern District of Georgia where he has lived and worked since his release. Prior to filing this petition, Thomas Hare, Mr. Mitchell's supervising probation officer, informed Mr. Mitchell that he is in full compliance in all areas of supervision, including satisfying restitution obligations, and that he supports this petition. A proposed order is attached for the Court's convenience.

**FACTUAL BACKGROUND**

As the Court is aware, Mr. Mitchell and two co-defendants obtained fraudulent credit cards and counterfeit State of Illinois drivers licenses that had a co-defendant's image with false identifying information. On or around, March 8, 2016, Mr. Mitchell and the co-defendants traveled to the Eastern District of Missouri with the counterfeit licenses and credit cards and with

1

merchandise and gift cards that had been fraudulently purchased. Mr. Mitchell and the co-defendants traveled in a Dodge Durango that was fraudulently purchased in Wisconsin on or around December 5, 2015.

On October 5, 2016, a grand jury returned a three-count indictment against Mr. Mitchell asserting violations for conspiracy to defraud, interstate transport of a stolen vehicle, and fraudulent use of access devices. On November 6, 2017, Mr. Mitchell pled guilty to all three counts. Mr. Mitchell was sentenced on March 7, 2018. The government made no Sentencing Guidelines range agreements in exchange for the plea and the court sentenced Mr. Mitchell to 41 months of incarceration according to the Guidelines, plus three years mandatory supervised release, and $32,886.88 restitution. Mr. Mitchell was released from federal prison to a halfway house in November 2019 and began serving his three-year period of supervised release on March 4, 2020. Since that time, Mr. Mitchell has complied with all conditions of release.

## ARGUMENT

Given Mr. Mitchell's commendable re-entry into the community and performance on supervised release, he respectfully asks this Court to grant his motion for early termination of supervised release.

### I. APPLICABLE LAW

Title 18, section 3583(e)(1) of the United States Code authorizes this Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Specifically, 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) in determining whether to terminate a term

2

of supervised release. Further, the Judicial Conference has suggested that officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. *Guide to Judiciary Policy*, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109) (rev'd 2010). The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for termination includes:

1. Stable community reintegration;
2. Progressive strides toward supervision objectives and in compliance with all conditions of supervision;
3. No aggravated role in the offense of conviction, particularly large drug or fraud offenses;
4. No history of violence;
5. No recent arrests or convictions, or on-going, uninterrupted patterns of criminal conduct;
6. No recent evidence of alcohol or drug abuse;
7. No recent psychiatric episodes;
8. No identifiable risk to the safety of any identifiable victim; and
9. No identifiable risk to public safety based on the Risk Prediction Index (RPI).

According to the policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." *Id.*, § 380.10(g).

In addition, the Criminal Law Committee of the Judicial Conference, through its former Chair the Honorable Robert Holmes Bell, has weighed in on early termination of supervised

3

release. During his tenure, a memorandum was issued to all United States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services program. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." *Id*.

## II. MR. MITCHELL SATISFIES ALL THE CRITERIA FOR EARLY TERMINATION OF SUPERVISED RELEASE

Mr. Mitchell satisfies all the factors set forth for early termination. This Court is often called upon to impose serious consequences for defendants who violate supervised release. In contrast, to date Mr. Mitchell has completed every condition asked of him and has gone above and beyond the minimum requirements of his supervision to remain in full compliance. Mr. Mitchell has fully reintegrated into society and is a valued worker, family member, and citizen. He has worked full time since November 2019 for Unity Network and Counseling delivering hospital supplies. He has lived full-time with his ten-year-old daughter, his daughter's mother, and her young adult son in the family's home in Lawrenceville, Georgia. Mr. Mitchell is a loving father and caretaker for his daughter and family. He has had no brushes with the law nor violent offenses. Mr. Mitchell was convicted of a non-violent crime where he had no aggravated role nor were any weapons used.

Given these circumstances, Mr. Mitchell is an ideal candidate for early termination of supervised release based on every factor this Court must consider. Mr. Mitchell enjoys the

4

support of the community, is not using controlled substances, and has no psychological issues. In addition, terminating Mr. Mitchell's supervised release would enable him to better support his family financially.

Furthermore, the interests of justice squarely fall on the side of granting Mr. Mitchell this privilege, as he was previously victimized by the criminal legal system. When Mitchell was 15 years old with no prior arrests, a now-notorious Chicago Police detective excluded his mother from the interrogation room, denied his request for a lawyer, threatened him, and claimed that he confessed to a murder that he did not commit. Despite his innocence, Mr. Mitchell wrongfully served 15 years of incarceration before being exonerated. Justice warrants, at a minimum, granting Mr. Mitchell early termination of his supervised release.

For the foregoing reasons, Mr. Mitchell respectfully requests that this Court order that his term of supervised release be terminated.

## CONCLUSION

WHEREFORE, Mr. Mitchell respectfully requests that this Court order that his term of supervision be terminated under Rule 32.1(b) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3583(e) and provide any other relief that this Court deems just and proper.

Dated: September 8, 2021                                  Respectfully Submitted,

                                                          KEHINDA MITCHELL

                                          By:     /s/ Joshua L. Loevy
                                                  One of Mr. Mitchell's attorneys

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion to Terminate Supervised Release and Supporting Memorandum has been served upon the Office of the United States Attorney by mail, by leaving a copy in the box designated for the Office of the Clerk in the United States District Court for the Eastern District of Missouri, and by hand-delivery upon United States Probation Officer Thomas Hare, this 22nd day of September 2021.

## ORDER

Pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3583(e)(1), the Court hereby terminates the term of supervised release in this case and discharges Mr. Mitchell for the reasons set forth above.

Dated: September 22, 2021                                                                                          Ronnie L. White

                                                                                                            United States District Judge